UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ROY COCHRAN, JR., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | 24-cv-3283-CSB |
| ) | |
| LATOYA HUGHES, et al., ) | |
|     Defendants. ) | |

## MERIT REVIEW ORDER

**COLIN S. BRUCE, United States District Judge:**

Pro se Plaintiff Roy Cochran, Jr., who is in the custody of the Illinois Department of Corrections ("IDOC") and is proceeding in forma pauperis, has filed a Complaint (Doc. 1) under 42 U.S.C. § 1983 which is now before the Court for screening. Plaintiff has also filed a Motion to Request Counsel (Doc. 5).

### I. COMPLAINT

**A. Screening Standard**

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient.

Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Facts Alleged

Plaintiff alleges that on March 28 and 29, 2024, while he was incarcerated at Western Illinois Correctional Center ("Western"), he informed multiple security staff members across consecutive shifts that he intended to self-harm and that he needed to speak with a mental health or medical staff member. No member of mental health or medical staff ever responded to Plaintiff. Plaintiff than carried out his plans to self-harm.

### C. Analysis

Plaintiff has pled sufficient facts to proceed with a deliberate indifference claim. *Miranda v. County of Lake*, 900 F.3d 335, 349 (7th Cir. 2018) ("[A] jail or prison official's failure to protect an inmate from self-harm [is] one way of establishing deliberate indifference to a serious medical need.").

However, Plaintiff's Complaint lists only Acting IDOC Director LaToya Hughes and Western Warden Greene as Defendants.

"Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Therefore, to hold Defendants liable under § 1983, Plaintiff must allege that "the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 830 F.3d 464, 469 (7th Cir. 2016); *see also Smith v. Gomez*, 550 F.3d

613, 616 (7th Cir. 2008) (supervisor liability not permitted under § 1983). Plaintiff has not done so.

Therefore, Plaintiff's claim against Defendants Hughes and Greene must be dismissed. However, Plaintiff may proceed with a claim against Doe Defendants, and Defendant Greene will remain in her official capacity only, for the purpose of participating in discovery to identify those Doe Defendants. *See Donald v. Cook County Sheriff's Department*, 95 F.3d 548, 556 (7th Cir. 1996) ("A plaintiff's failure to explicitly name a John or Jane Doe defendant in the caption of the complaint does not relieve the district court of its responsibility to assist the pro se plaintiff who confronts barriers to identifying the appropriate defendants.").

## II. REQUEST FOR COUNSEL

A pro se litigant has no right to counsel in a civil case. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). However, the federal statute authorizing in forma pauperis status provides a court "may request an attorney to represent any person unable to afford counsel." See 28 U.S.C. 1915(e)(1). A court does not have the authority to require an attorney to accept pro bono appointments in civil cases. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007).

When considering a request for counsel by a pro se litigant the Court undertakes a two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt*, 503 F.3d at 655.

As to the first inquiry, plaintiffs normally make this showing by filing copies of letters sent to several attorneys seeking assistance, along with copies of the responses they received from the attorneys they contacted. Plaintiff has not met this first, threshold requirement. Therefore, Plaintiff's Motion must be denied, without prejudice. Plaintiff may renew the request should his circumstances change, at a later stage of litigation.

**IT IS THEREFORE ORDERED:**

**1) According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment deliberate indifference claim against Doe Defendants. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

**2) The Clerk is directed to add Doe Defendants to the docket and to dismiss LaToya Hughes as a Defendant. Warden Greene remains as a Defendant in her official capacity only, for the purpose of participating in discovery to identify the Doe Defendants.**

**3) Plaintiff's Motion to Request Counsel [5] is DENIED without prejudice.**

**4) Plaintiff's Motion for Status [7] is MOOT.**

**5) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions, to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

**6) The Court will attempt service on Defendant by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

**7) Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all**

defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth a Defendant's positions. The Court does not rule on the merits of those positions unless and until a Defendant files a motion. Therefore, no response to an Answer is necessary or will be considered.

8) This District uses electronic filing, which means that, after Defendant's counsel has filed an appearance, counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendant's counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Defendant's counsel is granted leave to depose Plaintiff. Defendant's counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

11) If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

12) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

13) The Court directs the Clerk to attempt service on Defendant under the standard procedures.

ENTERED May 13, 2025.

s/Colin Stirling Bruce
COLIN S. BRUCE
U.S. DISTRICT JUDGE